JS-6

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Morton Denlow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 3577 | **DATE** | 5/1/2001 |
| **CASE TITLE** | Richard C. McBride vs. Larry G, Massanari | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiff's motion to reverse the final decision of the Commissioner is granted in part and denied in part; and Defendant's motion for summary judgment is denied in part and granted in part. The case is reversed and remanded to the Commissioner for further proceedings consistent with this opinion.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 3 number of notices | Document Number |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | MAY 02 2001 date docketed | 19 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | *mw* docketing deputy initials | |
| | Mail AO 450 form. | FILED FOR DOCKETING | | |
| | Copy to judge/magistrate judge. | 01 MAY -1 PM 4:29 | 5/1/2001 date mailed notice | |
| mm | courtroom deputy's initials | Date/time received in central Clerk's Office | mm mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICHARD C. McBRIDE, | ) |
| Plaintiff, | ) |
| v. | ) No. 00 C 3577 |
| | ) Magistrate Judge Morton Denlow |
| LARRY G. MASSANARI[1], ACTING COMMISSIONER OF SOCIAL SECURITY, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This case comes before the Court for a review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff, Richard C. McBride ("Claimant" or "McBride"), Social Security disability insurance benefits ("DIB") under the Social Security Act ("SSA"). McBride seeks DIB for a number of physical and mental impairments, including: back problems, shoulder and neck pain, carpel tunnel syndrome in both hands, left knee problems, swelling and pain in his toes, arthritis and elbow pain, myofascial pain syndrome, hypertension and depression.

McBride applied for DIB on December 23, 1996, alleging disability since May 9, 1994. (R. 64-66.) His request was denied initially and on reconsideration. (R. 44, 45, 46-49,

---

[1] On March 29, 2001, Larry G. Massanari became Acting Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d)(1) and 42 U.S.C. § 405(g), Larry G. Massanari is automatically substituted for Kenneth S. Apfel as the Defendant in this civil action.

56-58.) A hearing was held before an Administrative Law Judge ("ALJ") on August 28, 1998. (R, 15-24). The ALJ, James A. Horn, denied benefits and McBride's request for a review by the Appeals Council was also denied. (R. 7-8).

McBride seeks judicial review of the Commissioner's final decision. This matter comes before the Court on Plaintiff's motion to reverse the final decision of the Commissioner and Defendant's motion for summary judgment. The issue to be decided is whether substantial evidence in the record supports the ALJ's finding that McBride is not disabled under the Act. For the reasons set forth below, the Court reverses the ALJ's decision in part and remands the case to the Commissioner for further proceedings consistent with this opinion.

## I. THE DECISION OF THE ALJ

The ALJ found McBride was not disabled from May 1994 through September 1996 because he was engaged in employment that was substantial gainful activity ("SGA"). (R. 16.) This determination was based on the ALJ's evidentiary findings regarding his work history. (R. 17.)

For the time period after September 1996, to present, the ALJ found Claimant not disabled because he could perform a full range of medium work. (R. 22.) The ALJ was not persuaded that the physical or mental impairments alleged by the Claimant were sufficiently severe. (R. 17.) The Claimant alleged he was mentally impaired due to depression. (R. 446.) A psychiatrist diagnosed Claimant with "adjustment disorder of adult life with depressed

mood." (R. 18, 295.) However, the ALJ held the mental impairment did not rise to the level of "severe" because the ALJ determined the Claimant had no functional limitations resulting from the mental disorder. (R. 18.) The ALJ found the Claimant "has no restriction of activities of daily living and no difficulties in maintaining social functioning." (R. 18).

Physically, the ALJ determined the Claimant had musculoskeletal impairments, but could perform medium work.[2] After an analysis of medical evidence in the record, the Claimant's testimony, and other factors, the ALJ held the Claimant to be capable of performing the full range of medium work and therefore, not disabled. (R. 23.)

## II. STANDARD OF REVIEW

Judicial review of the Commissioner's final decision is governed by 42 U.S.C. §405(g) which provides the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive..." An ALJ's decision becomes the Commissioner's final decision if the Appeals Council denies a request for review. *Wolfe v. Shalala*, 997 F.2d 321, 322 (7th Cir. 1993). Under such circumstances, the decision reviewed by the district court is the decision of the ALJ. *Eads v. Secretary of the Dept. Of Health and Human Serv.*, 983 F.2d 815, 816 (7th Cir. 1993). A reviewing court may not decide the facts anew, reweigh the evidence or substitute its own judgment for that of the Commissioner. *Knight v. Chater*, 55 F.3d 309, 313 (7th Cir. 1995). Judicial review is limited to determining whether the ALJ applied the correct legal standard in reaching its

---

[2]The full range of medium work involves "lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. §404.1567(c).

3

decision and whether there is substantial evidence in the record to support the findings. 42 U.S.C. §405(g); *Scivally v. Sullivan*, 966 F.2d 1070, 1075 (7th Cir. 1992). Substantial evidence is "such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427 (1971). The court may reverse the Commissioner's decision only if the evidence "compels" reversal, not merely because the evidence supports a contrary decision. *INS v. Elias Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 815 n.1 (1992). The SSA gives a court the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, *with or without remanding* the cause for a rehearing." (emphasis added) 42 U.S.C. §405(g).

### III. ESTABLISHING A DISABILITY

Disability insurance benefits are available only to claimants who can establish a "disability" under the Act. *Brewer v. Chater*, 103 F.3d 1384, 1390 (7th Cir. 1997). Establishing a disability under the Social Security Act is a two step process. First, the claimant must show he is suffering from a medically determinable physical or mental impairment, or a combination of impairments, which can be expected to result in death or which has lasted or is expected to last for at least twelve months. 42 U.S.C. §1382(c)(a)(3)(A). Second, there must be a factual determination that the impairment renders the claimant unable to engage in any substantial gainful employment. *McNeil v. Califano*, 614 F.2d 142, 143 (7th Cir. 1980).

4

The determination of disability follows a five-step analysis as set forth in the Social Security Regulations: (1) Is the claimant presently employed? (2) is the claimant's impairment severe? (3) does the impairment meet or equal one of the impairments specified in 20 C.F.R. pt. 404, sub. pt., app.1? (4) Is the claimant unable to perform his past relevant work ("PRW")? and (5) does the claimant's age, education, and past work experience enable him to do other work? 20 C.F.R. §404.1520; *see also Brewer v. Chater*, 103 F.3d 1384,1391(7th Cir. 1997).

The claimant bears the burden of establishing a disability in steps one through four of this five step analysis. *Id.* If the claimant satisfies his burden of proof on each of the first four steps in the analysis, the burden shifts to the Commissioner to show that the claimant has the ability to engage in another type of gainful employment. *Id.* The duty of this Court is not to determine whether the Claimant was "disabled," but whether substantial evidence supports the ALJ's determination and whether the law was correctly applied. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427 (1971).

In the present case, the Claimant first argues the ALJ erred by making his own independent medical findings regarding the Claimant's mental condition. Second, the Claimant argues the ALJ's decision of "not disabled" was not supported by substantial evidence. Third, he argues the ALJ erred by not allowing the subpoena of Dr. Ross K. Lynch.

# IV. THE ALJ ERRED BY IMPROPERLY MAKING INDEPENDENT MEDICAL FINDINGS REGARDING CLAIMANT'S MENTAL CONDITION

An ALJ is not permitted to make his own independent medical findings because "lay intuitions about medical phenomena are often wrong." *Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990). *Id.* As the Seventh Circuit has counseled on many occasions, ALJ's must not succumb to the temptation to play doctor and make their own independent medical findings." *Rohan v. Chater*, 98 F.3d 966, 967 (7th Cir. 1996). Rather, the ALJ is required to articulate "his analysis of the evidence" so that appellate courts may track the ALJ's reasoning and be assured that the ALJ considered the important evidence. *Godbey v. Apfel*, 238 F.3d 803, 808 (7th Cir. 2000). The ALJ's analysis of the evidence should provide a rational basis for the denial of benefits. *Green v. Apfel*, 204 F.3d 780, 781 (7th Cir. 2000). The ALJ should build a bridge from the evidence to the conclusion. *Godbey*, 238 F.3d at 807. The SSA must consider the entire record, including all relevant medical and nonmedical evidence, such as a claimant's own statement of what he or she is able or unable to do. 20 C.F.R. §404.1545; *Diaz v. Chater*, 55 F.3d 300, 306 (7th Cir. 1995). While a written evaluation of every piece of evidence is not required, an ALJ must sufficiently articulate his assessment of the medical evidence to assure he considered the important evidence, enabling one to trace the path of his reasoning. *Carlson v. Shalala*, 999 F.2d 180, 181 (7th Cir. 1993).

In the present case, the ALJ made the determination that the Claimant's mental impairment was not severe. He based his holding upon Dr. Nemeth's psychiatric

6

examination of Claimant on June 30, 1997. (R. 17, 294.) Dr. Nemeth diagnosed Claimant with "adjustment disorder of adult life with depressed moods." (R. 295.) Dr. Nemeth's report noted the Claimant "seemed to be in some pain during the evaluation"; he had a "slowed stream of conversation and psychomotor retardation"; his "mood was depressed"; he admitted to "slowed thinking, disturbed sleep and appetite, and feelings of sadness and depression." (R. 295).

The ALJ concluded the Claimant's mental condition was not severe and sought to minimize the severity of the mental impairment diagnosed by Dr. Nemeth. Specifically, the ALJ noted Dr. Nemeth's conclusion, but then added that Dr. Nemeth "did not note any other characteristics of a depressive syndrome." (R. 18.) In addition, the ALJ went on to examine Dr. Nemeth's report and concluded that "no other unusual emotional reactions were noted." *Id.* In fact, Dr. Nemeth's diagnosis remains silent on many of the conclusions the ALJ made to support his finding that Claimant's mental impairment was not severe. The ALJ made a point of what was not stated without any foundation other than his own medical reasoning. The Seventh Circuit prohibits the ALJ from "playing doctor" and requires that a mental health professional be consulted regarding the limitations which result from a diagnosis. If necessary, the ALJ should summon a medical expert "to provide an informed basis for determining whether the Claimant is disabled." *Green v. Apfel*, 204 F.3d 780, 781 (7th Cir. 2000).

Dr. Nemeth's diagnosis refers to "clinically significant emotional or behavioral symptoms in response to an identifiable psycho social stressor or stressors." *Diagnostic and Statistical Manual of Mental Disorders*, American Psychiatric Association (4th Ed. 1996) at p. 623. "Subjective distress or impairment in functioning associated with Adjustment Disorders is frequently manifested as decreased performance at work or school and temporary changes in social relationships." Id. at 624.

No efforts were made by the ALJ to better develop the record to support his conclusion that no functional limitations existed. In doing so, the ALJ was working on an underdeveloped record and it is the ALJ's responsibility to complete the record. *Smith v. Apfel*, 231 F.3d 433, 437 (7th Cir. 2000). The record remains unclear as to Dr. Nemeth's findings regarding Claimant's limitations. Perhaps Dr. Nemeth will agree with the ALJ. However, the Seventh Circuit requires this judgment be rendered by a physician.

### V. THE ALJ IGNORED SUBSTANTIAL EVIDENCE WHEN MAKING ITS DISABILITY DETERMINATION

The ALJ is required to take into consideration all of the evidence in the record and discuss significant evidence contrary to his ruling. *Godbey v. Apfel*, 238 F.3d at 808-809. The ALJ cannot claim to base his decision on substantial evidence if he has ignored substantial contrary evidence. *Stein v. Sullivan*, 892 F.2d 43, 47 (7th Cir. 1989). In such a case, the evidence is "substantial" only because it is read in isolation, unless the ALJ provides an explicit and reasoned articulation justifying his rejection of the evidence favorable to the claimant's position. *Id.* While the ALJ need not articulate his reasons for

8

favorable to the claimant's position. *Id.* While the ALJ need not articulate his reasons for rejecting every piece of evidence, he must at least minimally discuss a claimant's evidence that contradicts the Commissioner's position. *Godbey*, 238 F.3d at 808.

The evidence relating to McBride's difficulties walking certain distances, and sitting or standing during the course of a work day was never addressed by the ALJ in his decision. During the hearing, McBride testified he experiences pain and discomfort limiting his ability to walk for long distances, and sit and stand for short periods of time. (R. 442-443, 447.) He testified he must walk slowly and can do so only for approximately 15 minutes before having to rest. (R. 447.) Furthermore, he testified he can only sit in one position for about 15 minutes before the pain requires him to either shift his weight or stand up. *Id.* Since an ALJ must consider all of the evidence and discuss significant evidence contrary to his ruling, the absence of addressing the Claimant's pain and suffering when walking, sitting, or standing for short periods of time is problematic. Determining McBride's ability to sit or stand for any length of time is crucial to determining whether he can perform a wide range of medium work.

## VI. THE ALJ DID NOT ERR BY FAILING TO ISSUE A SUBPOENA TO DR. ROSS K. LYNCH

On or about March 24, 1998, counsel for McBride directed a request to the ALJ for the issuance of a subpoena to Dr. Ross K. Lynch, a rehabilitation counselor who had previously interviewed McBride for a vocational evaluation in connection with a personal injury lawsuit. (R. 330). Specifically, the Claimant desired to elicit information on the

9

Claimant's working status and work performance in 1996, income for the year 1996, and information concerning Dr. Lynch's opinion regarding job availability for the Claimant.

The Claimant argues he should have been afforded the opportunity to subpoena Dr. Lynch and cross examine him. However, the ALJ discussed several factors in detail to support his conclusion regarding Claimant's work activity through September 1996 and these factors render a subpoena to Dr. Lynch unnecessary. First, the ALJ notes Claimant's own testimony on record supporting the conclusion that Claimant was working. Specifically, the ALJ noted Claimant told Dr. Lynch he performed masonry work between May 1994 and September 1996, with 1995 earnings of $5700 and 1996 earnings between $12,000 to $15,000, but no work after September 1996. (R. 335.) Claimant testified at the hearing the 1995 amount was accurate, explaining he started a masonry company with two other people after the 1994 accident. (R. 457.) Claimant further testified he did not perform any other work after 1996 (R. 459.), but continued working until that time on the advice of Dr. Boone Brackett. (R. 452.)

According to the federal regulations, the sustained type of activity contemplated by the Commissioner as SGA was $500.00/month in accordance with 20 C.F.R. §§404.1574(b)(2)(vii); 416.974(b)(2)(vii).[3] The regulations further provide that upon meeting the SGA income per month limitation, a rebuttable presumption will automatically be raised that the individual was engaged in SGA and the Claimant must rebut that

---

[3] The minimum SGA amount was raised after June 1999 to $700.00 per month.

10

presumption. The Commissioner properly notes the ALJ specifically stated to the Claimant that his 1996 earnings could easily be substantiated and counter any statements in Dr. Lynch's notations by submitting 1996 Federal Income Tax returns. (R. 17, 470.) Thus far, the Claimant has declined to produce these returns. Claimant's admitted earnings in 1995 well exceed the limits placed within the regulations and his failure to produce tax returns for the year 1996 is a burden he has chosen not to fulfill, without explanation.

In addition, not only did the Claimant endorse the fact he engaged in work activity through September 1996, the ALJ observed the Claimant's 1995 and 1996 work activity was corroborated elsewhere in the record and capable of being substantiated without Dr. Lynch. (R. 17.) Specifically, the ALJ cited to doctors notations in the record which state the Claimant was "working" through September 1996. The treatment notes of Dr. Boone Brackett, Claimant's treating physician on August 23, 1994, reflected the Claimant "continues to work." Similarly, the ALJ made reference to the examination notes by Dr. Rodney Schainis who conducted a consultative examination of Claimant on February 21, 1997. Dr. Schainis noted the Claimant reported his last day of "work" was in September, 1996. (R. 17.) Lastly, Dr. Joseph Martin Nemeth III examined the Claimant on June 30, 1997 at which time the Claimant reported he was not "working" and had been unable to "work" since September, 1996. (R. 17.) Thus, both the Claimant's own testimony and other evidence in the record provide substantial evidence of Claimant's working status from May 1994 through September 1996 and a subpoena of Dr. Lynch was not necessary. The ALJ's

decision finding Claimant to have been engaged in substantial gainful activity prior to October, 1996 is amply supported in the record.

## VII. CONCLUSION

For the foregoing reasons, **Plaintiff's motion to reverse the final decision of the Commissioner is granted in part and denied in part; and Defendant's motion for summary judgment is denied in part and granted in part.** The case is reversed and remanded to the Commissioner for further proceedings consistent with this opinion.

**SO ORDERED THIS 1st DAY OF MAY, 2001**

_____
**MORTON DENLOW**
**United States Magistrate Judge**

**Copies Mailed to:**

Ashley S. Rose
799 Roosevelt Road
Building 6, Suite 104
Glen Ellyn, Illinois 60137
(630) 790-9066
**Attorney for Plaintiff**

Lisa M. Noller
Assistant U.S. Attorney
219 South Dearborn St. 5th Floor
Chicago, Illinois 60604
(312) 353-5314

Marc Mates
Assistant Regional Counsel
200 W. Adams St. 30th Floor
Chicago, Illinois 60606
(312) 886-4131
**Attorneys for Defendant**